RAUL BARAJAS, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 33649

December 29, 1999                    991 P.2d 474

*Kelly & Sullivan, Ltd.,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart*

---

*L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

Before MAUPIN, SHEARING and BECKER, JJ.

## OPINION

*Per Curiam:*

### FACTS

On March 31, 1997, appellant Raul Barajas, a lawful permanent resident alien who had lived in the United States for approximately thirty-seven (37) years, pleaded guilty to possession of a controlled substance, a felony. On September 30, 1997, the district court sentenced Barajas to a maximum term of thirty-two (32) months with a minimum parole eligibility of twelve (12) months. The court suspended the sentence and placed Barajas on probation for an indeterminate period of time not to exceed four (4) years. At some point thereafter, the Immigration and Naturalization Service ("INS") instituted removal (*i.e.,* deportation) proceedings against Barajas based on this conviction. *See* 8 U.S.C. § 1227(a)(2)(B)(i).

On November 28, 1998, Barajas filed a motion to withdraw his guilty plea pursuant to NRS 176.165. Barajas claimed that his plea was not entered knowingly and intelligently because neither

the district court nor counsel advised him that he would be subject to deportation as a result of the conviction. Barajas further claimed that the failure to so advise him constituted manifest injustice as he would not have pleaded guilty had he been made aware of the consequences of his plea.

Following a hearing, the district court denied Barajas' motion. Barajas filed this timely appeal.

## DISCUSSION

Barajas contends that the district court abused its discretion by denying his motion to withdraw his guilty plea. In particular, Barajas contends that his plea was not entered knowingly and voluntarily and resulted in a manifest injustice because neither the district court nor his trial attorney advised him of the possible immigration consequences of his guilty plea. We conclude that both contentions lack merit.

A guilty plea is presumptively valid, and the defendant has the burden to prove that the plea was not entered knowingly or voluntarily. Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). The district court has the duty to review the entire record and determine whether the plea was valid under the totality of circumstances. *Id.* This court will not overturn the lower court's decision absent a clear showing of an abuse of discretion. *Id.*

The possibility of deportation is a collateral consequence which does not affect the voluntariness of a plea. Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir. 1976); State v. McFadden, 884 P.2d 1303, 1304-05 (Utah Ct. App. 1994). Therefore, the trial court's failure to advise a defendant of the possible immigration consequences of a guilty plea does not render the plea involuntary. United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988); *Fruchtman,* 531 F.2d at 949; *McFadden,* 884 P.2d at 1304-05. Similarly, trial counsel's failure to provide such information does not fall below an objective standard of reasonableness and, thus, does not rise to the level of ineffective assistance of counsel.[1]

---

[1]We acknowledge that some federal courts have recognized one exception to this general rule where counsel affirmatively, but erroneously, represents that the accused will not be subject to deportation. *See, e.g.,* Downs-Morgan v. United States, 765 F.2d 1534, 1540-41 (11th Cir. 1985); United States v. Corona-Maldonado, 46 F. Supp. 2d 1171, 1173 (D. Kan. 1999); United States v. Nagaro-Garbin, 653 F. Supp. 586 (E.D. Mich. 1987). Because Barajas has not claimed that his trial counsel affirmatively misinformed him regarding the possible immigration consequences of his guilty plea, we need not decide whether to adopt this exception to the general rule.

United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). We therefore conclude that appellant's contentions lack merit and we affirm the district court's order denying appellant's motion to withdraw his guilty plea.[2]

---

[2]To the extent that appellant contends that the plea colloquy indicates that he was equivocal in admitting his guilt and that the guilty plea is involuntary for this reason, we conclude that this contention also lacks merit.