OPINION
 

 Per Curiam:
 

 This is a proper person appeal from a district court order denying a motion to withdraw a guilty plea brought subsequent to entry of the judgment of conviction. We hold that the district court erred in considering the motion as a post-conviction petition for a writ of habeas corpus and in concluding that it was untimely, pursuant to NRS 34.726(1). However, we further hold that the equitable doctrine of laches applies to motions to withdraw a guilty plea that are brought after sentencing. Applying laches to the instant case, we hold that the district court reached the proper result. Accordingly, we affirm.
 

 FACTS
 

 On July 13, 1990, the district court convicted appellant Ralph Laurence Hart, pursuant to a guilty plea, of second degree murder. The court sentenced Hart to serve a term of life imprisonment with the possibility of parole. Hart did not file a timely direct appeal.
 

 On September 13, 1996, Hart filed a proper person motion to withdraw his guilty plea in the district court. The State opposed Hart’s motion, arguing that it should be treated as a post-conviction petition for a writ of habeas corpus and that it was barred pursuant to the applicable procedural default rules. Specifically, the State asserted that Hart’s motion was untimely, pursuant to NRS 34.726(1), and barred by laches, pursuant to NRS 34.800(2). Hart responded that a motion to withdraw a guilty plea was not subject to time restrictions. The district court ultimately considered Hart’s motion as a habeas corpus petition
 
 *561
 
 and denied it as untimely pursuant to NRS 34.726(1). This appeal followed.
 

 On February 4, 1999, this court entered an order directing the State to show cause why this matter should not be remanded to the district court for consideration of the merits of Hart’s motion. This court also specifically requested the State to address the issue of whether the one-year filing deadline in NRS 34.726(1) applies to motions to withdraw pleas that are brought subsequent to entry of the judgment of conviction.
 

 In its response to our order, the State reverses its earlier position and concedes that NRS 34.726(1) does not apply to Hart’s motion; however, the State argues that the equitable doctrine of laches should apply. The State asserts that “[t]he legislature could enact a time limit on motions to withdraw guilty plea[s] but in the absence of such legislation this Court should recognize the doctrine of laches to preclude stale motions” such as Hart’s motion. We find the State’s reasoning persuasive.
 

 DISCUSSION
 

 Viability of motion to withdraw a plea
 

 The statutory provisions governing the motion to withdraw a guilty plea are codified in NRS 176.165. NRS 176.165 contemplates that a defendant may file a motion to withdraw a plea both before and after imposition of the sentence:
 

 Except as otherwise provided in this section, a motion to withdraw a plea of guilty, guilty but mentally ill or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended. To correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 

 Pursuant to the plain language of the statute, the district court may grant a motion to withdraw a plea even after sentencing or entry of the judgment of conviction “[t]o correct manifest injustice.”
 
 [1]
 

 Consistent with this statutory mandate, the motion to withdraw a plea has become established in our jurisprudence. In Hargrove
 
 *562
 
 v. State, 100 Nev. 498, 501-02, 686 P.2d 222, 224-25 (1984), this court explicitly recognized the right to appeal from an order denying such a motion when the motion is brought subsequent to entry of the judgment of conviction.
 
 [2]
 
 In subsequent decisions, this court has consistently considered such appeals.
 
 See, e.g.,
 
 Barajas v. State, 115 Nev. 440, 991 P.2d 474 (1999). Further, this court has indicated that the motion to withdraw a plea exists independently from provisions governing post-conviction relief.
 
 See
 
 Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986) (“[A] defendant must raise a challenge to the validity of his or her guilty plea in the district court in the first instance, either by bringing a motion to withdraw the guilty plea, or by initiating a post-conviction proceeding under NRS 34.360 or NRS 177.315.”).
 
 [3]
 

 Nevertheless, this court has yet to specifically address whether the provisions of NRS chapter 34, governing the post-conviction petition for a writ of habeas corpus, have subsumed the motion to withdraw a plea in cases where a judgment of conviction has been entered. NRS 34.724(2) provides, in pertinent part, that the post-conviction petition for a writ of habeas corpus:
 

 (a) Is not a substitute for and does not affect any remedies which are incident to the proceedings in the trial court or the remedy of direct review of the sentence or conviction.
 

 (b) Comprehends and takes the place of all other common law, statutory or other remedies which have been available for challenging the validity of the conviction or sentence, and must be used exclusively in place of them.
 

 Consistent with these provisions, the statutory motion to withdraw a plea is an available remedy for defendants challenging a plea after entry of the judgment of conviction only if the motion is “incident to the proceedings in the trial court.”
 

 Today we explicitly recognize that the motion to withdraw a plea is “incident to the proceedings in the trial court.”
 

 In so holding, we clarify references in prior cases that suggest that there are only two motions that are incident to the trial court proceedings, a ‘ ‘motion to modify a sentence based on very nar
 
 *563
 
 row due process grounds, and a motion to correct a facially illegal sentence.”
 
 See
 
 Edwards v. State, 112 Nev. 704, 707, 918 P.2d 321, 323-24 (1996);
 
 see also
 
 Pangado v. State, 112 Nev. 1533, 1535 n.2, 930 P.2d 100, 102 n.2 (1996).
 
 [4]
 

 However, imposition of some limitation on the motion is appropriate. This court employed similar considerations to restrict the post-conviction petition for a writ of habeas corpus prior to the enactment of specific statutory time limitations on the petition.
 
 See
 
 Groesbeck v. Warden, 100 Nev. 259, 679 P.2d 1268 (1984). Indeed, “[t]he necessity for a workable [criminal justice] system dictates that there must exist a time when a criminal conviction is final.”
 
 Id.
 
 at 261, 679 P.2d at 1269. Moreover, the interest in finality of criminal judgments served by limiting collateral attack on the judgments ‘ ‘has special force with respect to convictions based on guilty pleas.” United States v. Timmreck, 441 U.S. 780, 784 (1979);
 
 see also
 
 Custis v. United States, 511 U.S. 485, 497 (1994).
 

 Our decision that some limitation should be placed on the motion to withdraw a plea is also grounded in the language of NRS 176.165. As previously discussed, the statute provides that the district court may permit a defendant to withdraw a plea, after sentencing, only to “correct manifest injustice.” Whether an “injustice” is “manifest” will depend upon a variety of factors, including whether the State would suffer prejudice if the defendant is permitted to withdraw his or her plea. Accordingly, we hold that consideration of the equitable doctrine of laches is necessary in determining whether a defendant has shown “manifest injustice” that would permit withdrawal of a plea after sentencing.
 

 Application of the doctrine to an individual case may require consideration of several factors, including: (1) whether there was an inexcusable delay in seeking relief; (2) whether an implied waiver has arisen from the defendant’s knowing acquiescence in existing conditions; and (3) whether circumstances exist that prej
 
 *564
 
 udice the State.
 
 See
 
 Buckholt v. District Court, 94 Nev. 631, 633, 584 P.2d 672, 673-74 (1978). Additionally, where a defendant previously has sought relief from the judgment, the defendant’s failure to identify all grounds for relief in the first instance should weigh against consideration of the successive motion.
 

 We recognize that similar concerns underlie the procedural default rules of NRS chapter 34. Generally, a defendant must show cause and prejudice for filing an untimely or a successive petition.
 
 See
 
 NRS 34.726(1); NRS 34.810. However, the analysis is not identical. For instance, the timing of a post-conviction petition pursuant to NRS chapter 34 is of little importance until one year has lapsed since entry of the judgment of conviction or the issuance of the remittitur of a timely direct appeal. In contrast, a significant delay of even less than one year may bear on consideration of a post-sentence motion to withdraw a plea.
 

 To ensure compliance with the relevant procedural requirements, defendants should clearly identify the nature of the relief sought as the procedural label will be determinative. In this limited context, we depart from prior case law suggesting that ‘ ‘ ‘the procedural label’ ” attached to a motion is “ ‘of little importance.’ ”
 
 See Pangallo,
 
 112 Nev. at 1535, 930 P.2d at 102 (quoting Warden v. Peters, 83 Nev. 298, 301, 429 P.2d 549, 551 (1967)).
 

 Further, we caution that the motion to withdraw a plea is limited in scope. Only issues relating to the validity of the plea are pertinent to this motion. Challenges to the validity of a defendant’s sentence, to the computation of time served toward the sentence, or to a conviction entered pursuant to a verdict are not appropriate to the motion to withdraw a plea.
 
 See
 
 NRS 176.165.
 

 Resolution of the instant case
 

 Having concluded that the equitable doctrine of laches applies to consideration of the post-sentence motion to withdraw a plea, we turn to the case at bar. Hart delayed for more than six years after sentencing and entry of the judgment of conviction before filing the motion at issue. Hart provided no reasonable explanation for his delay, despite being afforded an opportunity to do so. Moreover, the State specifically asserted that it would suffer prejudice if forced to proceed to trial on a murder that occurred in 1989. Accordingly, and after further review of Hart’s motion, we
 

 
 *565
 
 conclude that laches precludes consideration of the motion on the merits.
 
 [5]
 

 CONCLUSION
 

 Having concluded that laches precludes consideration of Hart’s motion, we affirm the district court order denying the motion.
 

 [1]
 

 The quoted language of NRS 176.165 is modeled after a former provision in a Federal Rule of Criminal Procedure that has since been amended.
 
 See
 
 State v. District Court, 85 Nev. 381, 384-85, 455 P.2d 923, 925-26 (1969); Fed. R. Crim. P. 32(d) (1982). In 1983, the federal rule was amended to provide that a plea could be set aside only on direct appeal or by a habeas motion pursuant to 28 U.S.C. § 2255. However, prior to the amendment, federal courts recognized the viability of the motion to withdraw a plea when the motion was made subsequent to entry of the judgment of conviction.
 
 See discussion
 
 United States v. Baker, 790 F.2d 1437, 1438 (9th Cir. 1986).
 

 [2]
 

 A
 
 district court order denying a motion to withdraw a guilty plea brought
 
 prior
 
 to entry of the judgment of conviction is reviewable, on direct appeal, as an intermediate order of the proceedings.
 
 Hargrove,
 
 100 Nev. at 502 n.3, 686 P.2d at 225 n.3.
 

 [3]
 

 At the time
 
 Bryant
 
 was decided, a dual system existed whereby a defendant could generally file a petition for post-conviction relief, pursuant to NRS 177.315, and then a petition for a writ of habeas corpus. NRS 177.315 and related provisions were repealed, effective January 1, 1993. 1991 Nev. Stat., ch. 44, §§ 31-33, at 92.
 

 [4]
 

 We also recognize that a motion for a new trial, pursuant to NRS 176.515, is incident to the trial court proceedings. NRS 176.515 specifically provides that a motion for a new trial may he made within seven days after a verdict or finding of guilt or in such time as the court fixes within the seven day period. If based on newly discovered evidence, the motion may be made within two years after the verdict or finding of guilt. Although not mentioned in
 
 Edwards
 
 or
 
 Pangado
 
 as incident to the proceedings in the trial court, the statutory provision for the motion for a new trial, like the provision for the motion to withdraw a plea, is unambiguous. We therefore conclude that the legislature did not intend to abolish this remedy in favor of the statutory habeas corpus remedy.
 

 [5]
 

 We recognize that, among other claims, Hart alleged that he was not informed that he was ineligible for probation. Prior case law suggests that failure to inform a defendant of probation ineligibility may constitute a “manifest injustice” permitting post-sentence withdrawal of a plea pursuant to NRS 176.165.
 
 See
 
 Aswegan v. State, 101 Nev. 760, 761, 710 P.2d 83, 83 (1985); Meyer v. State, 95 Nev. 885, 888, 603 P.2d 1066, 1067 (1979). We need not reconsider these decisions at this time because the instant case is readily distinguishable. First, there could be no reasonable expectation that murder was a probationable offense. Second, as discussed above, a determination of “manifest injustice” is an individual determination that requires consideration of the equitable doctrine of laches. Given our conclusion that laches weighs against consideration of Hart’s motion on the merits, there can be no “manifest injustice.”