An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAIME REYES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60363

FILED

MAR 14 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant Jaime Reyes' post-conviction motion to withdraw his Alford[1] plea. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Reyes contends that the district court abused its discretion by denying his post-conviction motion to withdraw his Alford plea. Reyes claims that his plea was not entered knowingly and voluntarily and resulted in a manifest injustice because defense counsel did not advise him that "he would become immediately detainable, mandatorily deportable, and ineligible to leave and re-enter, or seek citizenship in, the United States" as a consequence of the plea. And Reyes asserts that the district court failed to properly analyze his ineffective-assistance claim.

A guilty plea is presumptively valid and the defendant has the burden to prove that the plea was not entered knowingly or voluntarily. Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). The district court may grant a post-conviction motion to withdraw a guilty plea where



[1]North Carolina v. Alford, 400 U.S. 25 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07696

necessary "[t]o correct manifest injustice." NRS 176.165. "A guilty plea entered on advice of counsel may be rendered invalid by showing a manifest injustice through ineffective assistance of counsel. Manifest injustice may also be demonstrated by a failure to adequately inform a defendant of the consequences of his plea." Rubio v. State, 124 Nev. 1032, 1039, 194 P.3d 1224, 1228-29 (2008) (footnote and internal quotation marks omitted). "[We] will not overturn the district court's determination on manifest injustice absent a clear showing of an abuse of discretion." Id. at 1039, 194 P.3d at 1229.

"We apply the Strickland v. Washington two-prong test to determine if counsel has provided effective assistance." Id. (footnote omitted). To state a claim of ineffective assistance of counsel sufficient to invalidate a guilty plea, a defendant must demonstrate (a) that counsel's performance fell below an objective standard of reasonableness and (b) resulted in prejudice. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Kirksey v. State, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996). We need not address both prongs of the inquiry if the defendant makes an insufficient showing on either one. Strickland, 466 U.S. at 697. When reviewing the district court's resolution of ineffective-assistance claims, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court heard argument on Reyes' motion, found that defense counsel adequately informed Reyes of the immigration consequences of his plea, and concluded that there was no manifest

injustice to correct. The district court did not expressly address Reyes' ineffective-assistance claim, but we conclude that defense counsel was not ineffective. At the time of Reyes' plea negotiations, Nevada law provided that immigration issues are collateral consequences of a guilty plea and defense counsel's failure to advise a defendant of the collateral consequences of a guilty plea was not objectively unreasonable and did not rise to ineffective assistance of counsel. Rubio, 124 Nev. at 1040, 194 P.3d at 1229-30; Barajas v. State, 115 Nev. 440, 442, 991 P.2d 474, 475-76 (1999). After Reyes' judgment of conviction became final,[2] the Supreme Court ruled that the Sixth Amendment requires defense counsel to inform his or her client about the risk of deportation arising from a guilty plea, but left open the question of whether it was announcing a new rule. Padilla v. Kentucky, 559 U.S. ___, ___, ___, 130 S. Ct. 1473, 1486 (2010). The Supreme Court has since ruled that Padilla announced a new rule and defendants whose convictions became final before Padilla was decided cannot benefit from its holding. Chaidez v. United States, No. 11-820, 2013 WL 610201, at *10 (U.S. Feb. 20, 2013). Reyes has not shown that defense counsel's performance was deficient under the preexisting law or demonstrated that the district court abused its discretion by determining

---

[2]"A conviction becomes final when judgment has been entered, the availability of appeal has been exhausted, and a petition for certiorari to the Supreme Court has been denied or the time for such a petition has expired." Colwell v. State, 118 Nev. 807, 820, 59 P.3d 463, 472 (2002).

SUPREME COURT
OF
NEVADA

(O) 1947A

there was no manifest injustice.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Law Offices of Anthony D. Guenther, Esq.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk