An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN GUARDADO-CANAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61182

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Melvin Guardado-Canas' post-conviction motion to withdraw his guilty plea. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Guardado-Canas contends that ineffective assistance of counsel resulted in a manifest injustice entitling him to withdraw his guilty plea. See NRS 176.165 (a district court may grant a post-conviction motion to withdraw a plea in order to "correct manifest injustice"); see also Hill v. Lockhart, 474 U.S. 52, 59-60 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Rubio v. State, 124 Nev. 1032, 1039-1040, 194 P.3d 1224, 1228-29 (2008). Guardado-Canas specifically claims that his plea was not entered knowingly and intelligently because counsel failed to properly advise him about the adverse immigration consequences of his guilty plea. See Padilla v. Kentucky, 559 U.S. ___, ___, 130 S. Ct. 1473, 1483 (2010) ("When the law is not succinct and straightforward, . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." (footnote

13-07721

omitted)); U.S. v. Bonilla, 637 F.3d 980, 984 (9th Cir. 2011); see also 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(G) ("The term 'aggravated felony' means . . . a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year.").[1]

Even assuming that laches does not preclude consideration of Guardado-Canas' motion on the merits, see Hart v. State, 116 Nev. 558, 563-65, 1 P.3d 969, 972-73 (2000) ("[C]onsideration of the equitable doctrine of laches is necessary in determining whether a defendant has shown 'manifest injustice' that would permit withdrawal of a plea after sentencing."), we conclude that he is not entitled to relief because "Padilla does not have retroactive effect." Chaidez v. U.S., No. 11-820, 2013 WL 610201, at 1 (U.S. February 20, 2013). Therefore, we conclude that the district court did not err by denying Guardado-Canas' motion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Guardado-Canas pleaded guilty to one count of grand larceny. The district court followed the terms of the negotiated plea agreement and imposed a probationary term not to exceed 5 years with an underlying sentence of 12-32 months and ordered Guardado-Canas to pay $8,000 in restitution.

cc: Second Judicial District Court Dept. 8
Ian E. Silverberg
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk