An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGELIO FRIAS A/K/A IDILBERTO RANGEL,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60641



FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Rogelio Frias' post-conviction motion to vacate his guilty plea and conviction and/or modify his sentence. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Frias contends that the district court erred by denying his motion and not addressing his claim that ineffective assistance of counsel resulted in a manifest injustice entitling him to withdraw his guilty plea. See NRS 176.165 (a district court may grant a post-conviction motion to withdraw a plea in order to "correct manifest injustice"); see also Hill v. Lockhart, 474 U.S. 52, 59-60 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Rubio v. State, 124 Nev. 1032, 1039-1040, 194 P.3d 1224, 1228-29 (2008). Citing to Padilla v. Kentucky, 559 U.S. ___, ___, 130 S. Ct. 1473, 1486-87 (2010), for support and urging this court to apply its holding, Frias specifically claims that he was not properly advised about the adverse immigration consequences of his guilty plea. At the hearing on Frias' motion to vacate his guilty plea, the district court determined that Padilla "should not be applied retroactively" and denied the motion

13-07720

without addressing the merits of Frias' claims or the State's argument that the motion was barred by the doctrine of laches.

Even assuming that laches does not preclude consideration of Frias' motion on the merits, see Hart v. State, 116 Nev. 558, 563-65, 1 P.3d 969, 972-73 (2000) ("[C]onsideration of the equitable doctrine of laches is necessary in determining whether a defendant has shown 'manifest injustice' that would permit withdrawal of a plea after sentencing."), we conclude that he is not entitled to relief because "Padilla does not have retroactive effect." Chaidez v. U.S., No. 11-820, 2013 WL 610201, at 1 (U.S. February 20, 2013). Therefore, we conclude that the district court did not err by denying Frias' motion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Kathleen E. Delaney, District Judge
Law Offices of Anthony D. Guenther, Esq.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk