An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FELIX NOLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61528

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a motion to withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

In a motion filed on June 26, 2012, appellant challenged the validity of his guilty plea. A guilty plea is presumptively valid, and a defendant carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Further, this court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. In determining the validity of a guilty plea, this court looks to the totality of the

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-21648

circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

First, appellant claimed that his counsel failed to adequately explain the consequences of his guilty plea, particularly the fact that his offense could be considered to be a felony and not a gross misdemeanor.[2] Appellant failed to demonstrate his plea was invalid. Appellant entered a guilty plea to felony coercion (sexually-motivated). Appellant was personally canvassed about his plea to a felony offense, and appellant affirmatively acknowledged that he was entering a plea to a felony offense.

Second, appellant claimed that his plea was invalid because his counsel failed to explain the nature of an *Alford* plea.[3] Appellant failed to demonstrate that his plea was invalid. The requirements of an *Alford* plea were explained in the written plea agreement, which appellant acknowledged having discussed with counsel. The district court further explained an *Alford* plea to appellant when he questioned the factual allegations recited by the State during the plea canvass. Appellant

---

[2]To the extent that appellant claimed that his responses at the plea canvass were not genuine because he was told by counsel to agree with the judge, appellant failed to demonstrate that his plea was invalid. Appellant had ample opportunity to inform the district court during the plea canvass that he did not wish to enter a plea to a felony offense or ask questions. Appellant affirmatively acknowledged that his plea was freely and voluntarily entered. Appellant's allegation of his own lack of candor with the district court was not sufficient to overcome the other evidence in the record that the plea was knowingly, freely and voluntarily entered.

[3]*North Carolina v. Alford*, 400 U.S. 25 (1970).

affirmatively indicated that he was entering the plea because it was in his best interests.

Third, appellant claimed that his counsel failed to adequately communicate with him, particularly given appellant's illiteracy and comprehension difficulties. Appellant failed to demonstrate that his plea was invalid. Appellant's counsel informed the court about appellant's difficulties and indicated that he had read the guilty plea agreement to appellant and he had discussed everything in the written plea agreement with appellant. Appellant affirmatively acknowledged that the plea agreement was read to him and that he understood it. Appellant failed to identify how further communication would have altered his decision to enter a guilty plea. *See Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996); *see also Hill v. Lockhart*, 474 U.S. 52 (1985).

Fourth, appellant claimed that he was innocent of the offense. Appellant entered an *Alford* plea in this case, maintaining his innocence but acknowledging the strength of the State's case and the threat of greater punishment if the matter proceeded to trial. Under these circumstances, appellant's claim that he was innocent is "essentially academic" and cannot be the basis for withdrawing the plea.[4] *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984).

Appellant also claimed that his counsel failed to review the presentence investigation report with him, his waiver of the preliminary

---

[4]Appellant further failed to support this claim with specific facts demonstrating that he was entitled to relief.

hearing was improper because the transcript indicates that appellant's response was inaudible, and he was not given warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). These claims do not challenge the validity of the guilty plea, and thus, are improperly raised in a motion to withdraw a guilty plea. *Hart v. State*, 116 Nev. 558, 564, 1 P.3d 969, 973 (2000). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Doug Smith, District Judge
        Felix Nolen
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[5]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.