RICHARD MARSHALL, RICHARD COUSINEAU, WEN-
DELL JENSEN, ROGER BOUSACK, ROBBIE OLAN
CRAIG, DANNY ERLE McLEMORE, WILLIAM E.
BARNHILL, AND HAROLD G. GORDON, APPEL-
LANTS, v. WARDEN, NEVADA STATE PRISON,
RESPONDENT.

No. 5449

November 28, 1967                434 P.2d 437

*Richard H. Bryan,* Public Defender, and *Anthony M. Earl,* Deputy Public Defender, Clark County, for Appellants.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

*Russell W. McDonald* and *Frank W. Daykin,* Legislative Counsel, amicus curiae.

*Robert F. List,* President, Nevada District Attorneys Association, amicus curiae.

## OPINION

By the Court, THOMPSON, C. J.:

This appeal aims to sustain the constitutionality of Section 318[1] of the 1967 post-conviction collateral remedy act [67 Stats. Nev., ch. 523, §§ 317–324] in so far as it purports to vest jurisdiction to hear a post-conviction proceeding in the district court in which the conviction took place.

Each petitioner-appellant was convicted in the Eighth Judicial District Court, Clark County, Nevada, and is now an inmate of the Nevada State Prison, Ormsby County, Nevada,

---

[1]Section 318 provides: "Unless otherwise ordered by the supreme court or a justice thereof, the proceeding is commenced by filing a petition verified by the petitioner with the clerk of the court in which the conviction took place. * * *"

located within the First Judicial District. The Eighth Judicial District Court ruled that it did not have jurisdiction to entertain the post-conviction petitions since the Nevada Constitution only grants power to issue writs of habeas corpus to the district court of the district in which the petitioner is held in actual custody.[2] For this reason the lower court declared Section 318 of the new act unconstitutional. We reverse.

In recent years the United States Supreme Court has extended many federal protections to state criminal cases.[3] These pronouncements carry with them the need for an appropriate state post-conviction collateral remedy to review claimed violations of federally protected rights. Case v. Nebraska, 381 U.S. 336 (1965). Nevada responded in 1967. The court below held that the legislative response countermands jurisdictional limitations placed upon district courts by our state constitution and cannot stand.

We think that there is ample provision in our state constitution for the new remedy since it expressly grants to the district courts, among other powers, the power to issue "all other writs proper and necessary to the complete exercise of their jurisdiction." Nev. Const. art. 6, § 6. The district court wherein the conviction took place is the court empowered by this specific provision to hear petitions for writs challenging proceedings leading to that conviction, and that is the court to which the new remedy is addressed.

The ruling below rested upon the habeas corpus provision of art. 6, § 6. That court reasoned that since the petitioners were in the actual custody of the Nevada State Prison, their post-conviction applications could only be presented to the First Judicial District Court. This was error. The habeas provision does not derogate from the grant of power to issue "all other writs proper and necessary to the complete exercise of

---

[2]Nev. Const. art. 6, § 6 reads in part: "* * * and also shall have power to issue writs of Habeas Corpus on petition by, or on behalf of any person held in actual custody in their respective districts."

[3]Fourth Amendment: Mapp v. Ohio, 367 U.S. 643 (1961); Ker v. California, 374 U.S. 23 (1963).

Fifth Amendment: Malloy v. Hogan, 378 U.S. 1 (1964); Griffin v. California, 380 U.S. 609 (1965); Miranda v. Arizona, 384 U.S. 436 (1966).

Sixth Amendment: Gideon v. Wainwright, 372 U.S. 335 (1963); White v. Maryland, 373 U.S. 59 (1963); Escobedo v. Illinois, 378 U.S. 478 (1964); Pointer v. Texas, 380 U.S. 400 (1965); Washington v. Texas, 388 U.S. 14 (1967).

Eighth Amendment: Robinson v. California, 370 U.S. 660 (1962).

their jurisdiction." The two provisions are each to be given full effect.

Prior to conviction, one in actual custody within the judicial district may file a habeas petition with the district court of that district if appropriate grounds therefor exist.[4] Following conviction, he is given a choice of remedies. He may file the traditional habeas petition, with its limitations in scope, in the district court of the district having his custody, or utilize the broader remedy of the 1967 act and request relief from the court in which his conviction occurred. The latter will undoubtedly prove to be the preferred course since it is designed to reach some issues which are beyond the scope of habeas. For example, the new remedy is available to collaterally challenge a conviction "upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy * * *." Section 317. Although we have judicially extended the scope of habeas in recent years [Morford v. Fogliani, 82 Nev. 79, 411 P.2d 122 (1966); Messmore v. Fogliani, 82 Nev. 153, 413 P.2d 306 (1966); Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966); Orsborn v. Fogliani, 82 Nev. 300, 417 P.2d 148 (1966); Krause v. Fogliani, 82 Nev. 459, 421 P.2d 949 (1966)], that remedy is obviously not coextensive with the sweep of the new post-conviction remedy as expressed in Section 317. We conclude that Section 318 vesting jurisdiction to hear the new post-conviction application in the district court where the conviction took place is compatible with Nev. Const. art. 6, § 6.[5]

Although we find no constitutional infirmity in Section 318, we believe that the legislature stepped out of bounds when it provided in Section 317 that the new post-conviction remedy "shall be used exclusively" in place of other remedies heretofore available for challenging the validity of a conviction or

---

[4] The words "actual custody" are sufficiently broad to encompass one on probation [Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965)] and one on bail [Ex parte Philipie, 82 Nev. 215, 414 P.2d 949 (1966)].

[5] An unfortunate label—habeas corpus—was selected for the new remedy, and may have caused the present controversy. As explained, the breadth of the new remedy exceeds that of habeas. Had a different label been chosen for the new remedy this litigation would probably have been avoided. In any event, the choice of a name cannot control since the two remedies—habeas corpus and the new Section 317 proceeding—bear differences in substance.

sentence.[6] The constitutional writ of habeas corpus heretofore used, within defined limits, as a post-conviction procedure to challenge the validity of a conviction, may not be abolished as a post-conviction remedy by legislative fiat. To this extent, Section 317 is unconstitutional. This infirmity, however, does not void the entire post-conviction remedy act, since the other parts are severable. West Indies, Inc. v. First National Bank, 67 Nev. 13, 214 P.2d 144 (1950).

Reversed and remanded for post-conviction hearings in accordance with the 1967 post-conviction remedy act.

COLLINS, J., ZENOFF, J., BATJER, J., and MOWBRAY, J., concur.

---

[6]Section 317(2) provides: "The remedy herein provided * * * comprehends .and takes the place of all other common law, statutory, or other remedies which have heretofore been available for challenging the validity of the conviction or sentence, and shall be used exclusively in place of them. * * *"