STEVEN MICHAEL PASSANISI, Appellant, *v.* DIRECTOR, NEVADA DEPARTMENT OF PRISONS, GEORGE SUMNER, Respondent.

No. 19035

February 24, 1989                    769 P.2d 72

*Edward Bernard,* Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Kevin G. Higgins,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant entered a guilty plea to two counts of driving under

the influence of intoxicating liquor causing substantial bodily harm or death to another person, NRS 484.3795, and one count of leaving the scene of an accident involving personal injury or death, NRS 484.219. The judgment of conviction was entered in the Ninth Judicial District Court in Douglas County on September 9, 1986.

On September 8, 1987, appellant filed a petition for a writ of habeas corpus in the First Judicial District Court, Carson City, alleging that his guilty plea was involuntary and coerced, that he was denied effective assistance of counsel, and that imposition of the consecutive sentences was illegal and improper. On April 26, 1988, in response to the state's motion, the district court entered an order dismissing without prejudice appellant's petition for a writ of habeas corpus. This appeal followed.

The district court based its decision on appellant's failure to comply with NRS 34.725 and did not consider the merits of appellant's petition. NRS 34.725, which was added to NRS Chapter 34 in 1987, provides:

> A petitioner may not file a petition for a writ of habeas corpus unless he previously filed a petition for post-conviction relief pursuant to NRS 177.315 to 177.385, inclusive, or demonstrates good cause for the failure to file a petition for post-conviction relief or meet the time requirements for filing a petition for post-conviction relief and actual prejudice to the petitioner.

Appellant did not file a petition for post-conviction relief prior to filing his petition for a writ of habeas corpus.

Appellant explains that he met the one-year time requirement under NRS 177.315(3) for filing a petition for post-conviction relief. Appellant argues that his having lost the opportunity to take a direct appeal from his judgment of conviction constitutes actual prejudice. Appellant contends that his meeting the time requirement for filing a petition for post-conviction relief and his showing of actual prejudice makes him eligible under NRS 34.725 to file a petition for habeas corpus.

We do not agree with appellant's reading of the statute. Under NRS 34.725, a petitioner, such as appellant, who has not previously filed a petition for post-conviction relief must demonstrate good cause for his failure to file a timely petition for post-conviction relief *and* he must demonstrate actual prejudice in order to be eligible to file a petition for a writ of habeas corpus. Appellant did not meet the statutory requirement that he previously file a petition for post-conviction relief *in the court that*

*convicted him* or show good cause for not doing so before seeking a petition for a writ of habeas corpus. *See* NRS 34.725 and NRS 177.325.[1] *See also* NRS 177.365(1). Appellant also did not show good cause for his failure to file the proper petition in the proper court. The district court correctly found that appellant had not met the requirements of NRS 34.725. Appellant has not shown any impediment external to the defense which prevented him from filing a timely petition for post-conviction relief in the Ninth Judicial District Court. Thus, he cannot overcome the procedural default. *See* Murray v. Carrier, 477 U.S. 478 (1986).

Next, appellant contends that NRS 34.725 is an unconstitutional suspension of the writ of habeas corpus. *See* Nev. Const. art. I, § 5; *see also* U.S. Const. art. I, § 9. We note that the procedure for filing a petition for post-conviction relief provides a remedy in addition to the constitutional writ of habeas corpus. *See* Marshal v. Warden, 83 Nev. 442, 445, 434 P.2d 437, 439 (1967). NRS 34.725 sets forth a prerequisite to filing a post-conviction petition for a writ of habeas corpus. The legislature may, however, impose a reasonable regulation on the writ of habeas corpus, so long as the traditional efficacy of the writ is not impaired. Grego v. Sheriff, 94 Nev. 48, 574 P.2d 275 (1978). Requiring petitioners to first seek relief in the court of conviction within a year of conviction is a reasonable regulation, especially when that requirement can be waived by a showing of prejudice and good cause for failure to meet it. Therefore, we conclude that NRS 34.725 and the statutory scheme regarding petitions for post-conviction relief are constitutional as reasonable regulation of the writ of habeas corpus. *See Marshal, supra.*

Appellant explains that he filed a petition for a writ of habeas corpus without first filing a petition for post-conviction relief because the district court might not consider all of the issues which he wishes to raise if they were presented in a petition for post-conviction relief. In particular, appellant argues that under NRS 177.375(1)[2] the district court would not have considered appellant's claim that his sentence was illegal in a petition for

---

[1]NRS 177.325 provides in part: "The proceeding is commenced by filing with the clerk of the court in which the conviction took place a petition verified by the petitioner or his counsel. . . . The clerk shall . . . [w]henever possible, assign the petition to the original judge or court. . . ."

[2]NRS 177.375(1) provides: "If the petitioner's conviction was upon a plea of guilty, all claims for post-conviction relief are waived except the claim that the plea was involuntarily or unknowingly entered or that the plea was entered without the effective assistance of counsel."

post-conviction relief.[3] This argument is premature. If the district court does refuse to consider appellant's claim regarding the legality of his sentence, appellant may then appeal that ruling or seek relief through the writ of habeas corpus. Moreover, appellant's preference for the writ of habeas corpus is without basis in the statutes, because the restriction he seeks to avoid applies equally to petitions for the writ of habeas corpus. *Compare* NRS 177.375(1) *with* NRS 34.810(1)(a).

Appellant cites previous decisions in which this court referred to habeas and post-conviction procedures as alternative remedies. *See, e.g., Marshal, supra.* These decisions have, however, been superseded by the legislature's enactment in 1987 of NRS 34.725 which requires that a request for a writ of habeas corpus be preceded by a timely petition for post-conviction relief or, alternatively, be accompanied by a showing of prejudice and good cause why the movant has not filed a timely petition for post-conviction relief.

Finally, appellant contends that the district court erred in not granting him an evidentiary hearing regarding his claims relating to the voluntariness of his plea, the effectiveness of his counsel and the propriety of his sentence. The First Judicial District Court could properly dismiss appellant's petition summarily and without a hearing on the basis of his procedural default. *See* NRS 34.740(2).[4] Appellant's failure to meet the statutory prerequisites of NRS 34.725 for filing a petition for habeas corpus is a proper ground for dismissal of his petition.

For the reasons stated above, we conclude that the district court properly dismissed without prejudice appellant's petition for habeas corpus relief and did not err in denying him an evidentiary hearing. The order of the district court is affirmed.[5]

---

[3]We note that if appellant's guilty plea was validly entered, it was necessarily predicated on his receiving a sentence that is not illegal. *See* NRS 174.035 (the court shall not accept a guilty plea without first determining that the defendant is making the plea voluntarily and with understanding of the nature of the charge and *the consequences of his guilty plea*).

[4]NRS 34.740(2) provides in pertinent part: "If it plainly appears from the face of the petition and any documents and petitions annexed to it that the petitioner is not entitled to relief, the judge or justice shall make an order for its summary dismissal and cause the petitioner to be notified."

[5]This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed December 29, 1988.

The Honorable Robert E. Rose, Justice, did not participate in the decision of this appeal.