An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DUANE SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61536

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed his petition on April 18, 2012, more than one year after the judgment of conviction was filed on August 6, 2010. Thus, appellant's petition was untimely filed. See NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] See NRS 34.810(2). Appellant's petition was

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant filed a post-conviction petition for a writ of habeas corpus in the district court on February 15, 2011, and the district court denied the petition on November 8, 2011. Appellant subsequently filed two untimely notices of appeals, which this court dismissed for lack of jurisdiction. Smith v. State, Docket No. 60125 (Order Dismissing Appeal, February 24,

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10518

procedurally barred absent a demonstration of good cause and actual prejudice. See NRS 34.726(1); NRS 34.810(3).

Appellant claimed he had good cause to excuse the procedural bars because the State "imposed an impediment," judicial misconduct, fraudulent misrepresentation, the inadequate law library, lack of access to the law library, and clerical malfeasance. Appellant failed to demonstrate good cause as he merely listed these claims and provided no specific facts to support them. See State v. Haberstroh, 119 Nev. 173, 181, 69 P.3d 676, 681 (2003).

Next, appellant claimed NRS 34.810 is unconstitutionally vague, ambiguous, and burdensome. However, the procedural bars reasonably regulate post-conviction petitions for a writ of habeas corpus, and are therefore constitutional. See Pellegrini v. State, 117 Nev. 860, 878, 34 P.3d 519, 531 (2001) (citing Passanisi v. Director, Dep't Prisons, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989)). The district court did not err in dismissing appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

_____

*. . . continued*

2012); Smith v. State, Docket No. 60696 (Order Dismissing Appeal, May 17, 2012).

cc:    Hon. Abbi Silver, District Judge
       Michael Duane Smith
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk