**130 Nev., Advance Opinion 60**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER BROWN,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 60065


FILED

AUG 0 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Affirmed.*

Rene Valladares, Federal Public Defender, and Ryan Neil Norwood and Megan C. Hoffman, Assistant Federal Public Defenders, Las Vegas,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Richard A. Gammick, District Attorney, and Terrence P. McCarthy, Deputy District Attorney, Washoe County,
for Respondent.

Steven S. Owens, Las Vegas,
for Amicus Curiae Nevada District Attorneys Association.

Robert Arroyo, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

Catherine Cortez Masto, Attorney General, and Jeffrey M. Conner and Michael J. Bongard, Deputy Attorneys General, Carson City,
for Amicus Curiae Nevada Attorney General.

14-25858

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

Appellant Christopher Brown appeals from the district court's dismissal of his untimely and successive post-conviction petition for a writ of habeas corpus. At issue is whether, in light of the United States Supreme Court's recent decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), the ineffective assistance of post-conviction counsel may constitute good cause under NRS 34.726(1) and NRS 34.810 to allow a noncapital petitioner to file an untimely and successive post-conviction petition for a writ of habeas corpus. We conclude that *Martinez* does not alter our prior decisions that a petitioner has no constitutional right to post-conviction counsel and that post-conviction counsel's performance does not constitute good cause to excuse the procedural bars under NRS 34.726(1) or NRS 34.810 unless the appointment of that counsel was mandated by statute. *E.g., Crump v. Warden*, 113 Nev. 293, 302-03, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 163-65, 912 P.2d 255, 257-58 (1996). Because Brown failed to overcome the procedural bars, we affirm the decision of the district court to dismiss the post-conviction petition for a writ of habeas corpus.

## FACTS AND PROCEDURAL HISTORY

Brown was convicted of first-degree murder with the use of a deadly weapon and was sentenced to two consecutive terms of 20 to 50 years imprisonment. This court affirmed his judgment of conviction on appeal in January 2006. *Brown v. State*, Docket No. 45026 (Order of Affirmance, January 11, 2006). The remittitur issued on February 7, 2006. Brown then filed a timely post-conviction petition for a writ of

habeas corpus. The district court appointed counsel to represent him, and counsel filed a supplemental petition. The district court denied Brown's petition on the merits, and this court affirmed the district court's order. *Brown v. State*, Docket No. 51847 (Order of Affirmance, August 10, 2009).

On June 10, 2010, Brown filed a second post-conviction petition for a writ of habeas corpus, alleging claims of ineffective assistance of trial and appellate counsel. Brown conceded that his petition was untimely and successive but argued that he had good cause to excuse the procedural bars because his first post-conviction counsel had provided ineffective assistance by failing to present these claims in his first post-conviction petition, and because he was actually innocent and it would be a miscarriage of justice if his claims were procedurally barred. Brown filed a notice of supplemental authority alerting the district court to a then-pending case before the United States Supreme Court, *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012). The district court dismissed Brown's petition as procedurally barred pursuant to NRS 34.726(1) and NRS 34.810 because the petition was untimely and successive. The district court found that Brown failed to overcome the procedural bars because ineffective assistance of post-conviction counsel did not constitute cause to excuse the procedural bars and Brown did not demonstrate actual innocence.

## *DISCUSSION*

Brown challenges the district court's determination that his claims were barred under NRS 34.726(1) and NRS 34.810. Specifically, he claims that he established "good cause" to excuse these procedural bars because his first post-conviction counsel was ineffective for failing to raise or preserve meritorious claims in his initial state post-conviction proceeding. He relies on the Supreme Court's decision in *Martinez*.

*The applicable procedural bars*

Nevada's statutory post-conviction scheme places procedural limits on the filing of a post-conviction petition for a writ of habeas corpus. NRS 34.726(1) provides for dismissal of a post-conviction habeas petition if it is not filed within one year after this court issues its remittitur from a timely direct appeal from the judgment of conviction or, if no appeal has been prosecuted, within one year from the entry of the judgment of conviction. *See Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998). NRS 34.810(1)(b) provides for dismissal of claims where the petitioner's conviction was the result of a trial and the claims could have been raised earlier. NRS 34.810(2) provides for dismissal of a second or successive petition if the grounds for the petition were already raised and considered on the merits in a prior petition or if the grounds could have been raised in a prior petition.

To overcome these statutory procedural bars, a petitioner must demonstrate "good cause" for the default and actual prejudice. NRS 34.726(1); NRS 34.810(3). We have defined "good cause" as a "substantial reason . . . that affords a legal excuse." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (internal quotations omitted). To show good cause, a petitioner must demonstrate that an "impediment external to the defense" prevented him from complying with the procedural rules. *Passanisi v. Dir., Nev. Dep't of Prisons*, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989) (citing *Murray v. Carrier*, 477 U.S. 478 (1986)); *see also Pellegrini v. State*, 117 Nev. 860, 886, 34 P.3d 519, 537 (2001).

Brown filed his second post-conviction petition more than four years after the issuance of remittitur on direct appeal from the judgment of conviction. His first petition was denied on the merits, and the claims that he raised in his second petition were, or could have been, raised in his

SUPREME COURT
OF
NEVADA

(O) 1947A

4

first petition. Thus, as Brown concedes, his second petition is barred as untimely and successive unless he can demonstrate good cause for the default and actual prejudice. *See* NRS 34.726(1); NRS 34.810(2), (3). He asserts that the ineffective assistance of his prior post-conviction counsel provides cause and prejudice to excuse his failure to comply with Nevada's procedural rules governing post-conviction habeas petitions.

Our case law clearly forecloses Brown's contention. We have consistently held that the ineffective assistance of post-conviction counsel in a noncapital case may not constitute "good cause" to excuse procedural defaults. *See McKague*, 112 Nev. at 163-65, 912 P.2d at 258; *cf. Crump*, 113 Nev. at 303 & n.5, 934 P.2d at 253 & n.5; *Mazzan v. Warden*, 112 Nev. 838, 841, 921 P.2d 920, 921-22 (1996). This is because there is no constitutional or statutory right to the assistance of counsel in noncapital post-conviction proceedings, and "[w]here there is no right to counsel there can be no deprivation of effective assistance of counsel."[1] *McKague*, 112 Nev. at 164-65, 912 P.2d at 258.

*Martinez v. Ryan does not address state procedural bars*

Brown argues that *Martinez* changes this court's jurisprudence holding that ineffective assistance of post-conviction counsel

---

[1]Petitioners who are sentenced to death have a statutory right to the appointment of counsel in their first post-conviction proceeding, *see* NRS 34.820(1)(a), and are thus entitled to effective assistance of appointed counsel in that proceeding. *See McKague*, 112 Nev. at 165 n.5, 912 P.2d at 258 n.5; *see also Crump*, 113 Nev. at 303 & n.5, 934 P.2d at 253 & n.5. In contrast, the appointment of post-conviction counsel to represent noncapital petitioners is subject to the district court's discretion as provided in NRS 34.750(1).

provides good cause to excuse a state procedural bar only when appointment of that counsel was mandated by statute. We disagree.[2]

Martinez, an Arizona state prisoner, filed a petition for a writ of habeas corpus in federal court raising claims of ineffective assistance of trial counsel. 566 U.S. at ___, 132 S. Ct. at 1314. Because those claims had been denied in state court based on a state procedural rule (they could have been raised in a prior state collateral proceeding), *id.* at ___, 132 S. Ct. at 1314, federal court review of their merits normally would have been precluded by the doctrine of procedural default, *id.* at ___, 132 S. Ct. at 1316. Martinez did not dispute that his claims had been rejected in state court based on an independent and adequate state ground but instead relied on an exception to the procedural default doctrine by which a state "prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Id.* at ___, 132 S. Ct. at 1316. In particular, he argued that he had good cause for the procedural default because counsel in his first state collateral proceeding was ineffective for failing to raise the ineffective-assistance-of-trial-counsel claims in that proceeding. *Id.* at ___, 132 S. Ct. at 1314-15.

The Supreme Court in *Martinez* thus considered "whether ineffective assistance in an initial-review collateral proceeding on a claim

---

[2]The State contends that we need not address this argument because any rule allowing the ineffective assistance of post-conviction counsel to constitute "good cause" to excuse procedural bars would not be retroactively applied to Brown. We conclude that retroactivity is not at issue because the second petition was the first opportunity for Brown to assert the ineffectiveness of post-conviction counsel as good cause to excuse a state procedural bar.

of ineffective assistance at trial may provide cause for a procedural default *in a federal habeas proceeding.*" *Id.* at ___, 132 S. Ct. at 1315 (emphasis added). The Supreme Court answered that question in the affirmative where state law provides that ineffective-assistance-of-trial-counsel claims must be raised in a collateral proceeding:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at ___, 132 S. Ct. at 1320.

The Supreme Court, however, expressly declined in *Martinez* to decide whether a federal constitutional right to counsel exists in post-conviction proceedings and instead emphasized that its ruling was equitable in nature rather than constitutional.[3] *Id.* at ___, 132 S. Ct. at 1315, 1318. The Court clarified that the equitable rule did not require the appointment of counsel in initial-review collateral proceedings in state court but rather permitted the State "to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits *in federal habeas proceedings.*" *Id.* at ___, 132 S. Ct. at 1319-20 (emphasis added).

---

[3]The Court recognized that its decision in *Coleman v. Thompson*, 501 U.S. 722 (1991), left open the question of "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1315. The *Martinez* Court declined to answer that question. *Id.* at ___, 132 S. Ct. at 1315.

Supreme Court
OF
Nevada

(O) 1947A

*Martinez* does not alter our decisions in *McKague* and *Crump* for two reasons. First, *Martinez* did not announce a constitutional right to counsel in post-conviction proceedings. Rather, the Court created an equitable exception to its decision in *Coleman v. Thompson*, 501 U.S. 722 (1991), "that an attorney's negligence in a postconviction proceeding does not establish cause" so that a federal court may review a state prisoner's defaulted claim. *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1319. Second, the *Martinez* decision is limited to the application of the procedural default doctrine that guides a federal habeas court's review of the constitutionality of a state prisoner's conviction and sentence. *See, e.g., id.* at ___, 132 S. Ct. at 1313 (describing the question presented as "whether a federal habeas court may excuse a procedural default"). It says nothing about the application of state procedural default rules. Thus, *Martinez* does not call into question the validity of NRS 34.750(1), which provides for the discretionary appointment of counsel to represent noncapital habeas petitioners, nor does it mandate a change in our case law holding that noncapital petitioners have no right to the effective assistance of counsel in post-conviction proceedings and that the ineffectiveness of counsel representing a noncapital petitioner does not constitute good cause to excuse a state procedural bar.[4] *Accord State v. Escareno-Meraz*, 307 P.3d 1013, 1014 (Ariz. Ct. App. 2013) (concluding that "*Martinez* does not alter established Arizona law" that a defendant is not entitled to

---

[4]We note that because Nevada requires that ineffective-assistance-of-trial-counsel claims be raised in a post-conviction petition rather than on direct appeal, *see, e.g., Pellegrini*, 117 Nev. at 882, 34 P.3d at 534, the equitable rule from *Martinez* will apply to Nevada state petitioners in federal habeas proceedings.

effective assistance of counsel in post-conviction proceedings); *Gore v. State*, 91 So. 3d 769, 778 (Fla. 2012) ("It appears that *Martinez* is directed toward federal habeas proceedings and is designed and intended to address issues that arise in that context."), *cert. denied*, 566 U.S. ___, 132 S. Ct. 1904 (2012); *Martin v. State*, 386 S.W.3d 179, 185-86 (Mo. Ct. App. 2012) ("*Martinez* speaks only to federal habeas corpus procedure and does not establish a constitutional right to the effective assistance of post-conviction counsel."); *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. Ct. 2013) ("While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in [its post-conviction act]."), *cert. denied*, 571 U.S. ___, 134 S. Ct. 944 (2014); *Kelly v. State*, 745 S.E.2d 377, 377 (S.C. 2013) ("Like other states, we hereby recognize that the holding in *Martinez* is limited to federal habeas corpus review and is not applicable to state post-conviction relief actions.").

Brown and amicus curiae Nevada Attorneys for Criminal Justice (NACJ) nonetheless urge this court to adopt the rationale from *Martinez* even if *Martinez* does not require us to do so.[5] Brown contends that the reasoning behind *Martinez*—promotion of comity, finality, and federalism—applies equally to state habeas proceedings, and Nevada's cause-and-prejudice analysis is nearly identical to the federal cause-and-prejudice standard. We decline Brown's invitation to adopt an equitable

---

[5]We invited the participation of amici curiae NACJ and the Nevada District Attorneys Association (NDAA) concerning the applicability of *Martinez* to state post-conviction proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

exception to the general rule in Nevada that the ineffective assistance of post-conviction counsel does not establish cause for a habeas petitioner's procedural default of an ineffective-assistance-of-trial-counsel claim unless the appointment of post-conviction counsel was mandated by statute.

The exception pressed by Brown is contrary to the statutory language in NRS Chapter 34 and the clear legislative intent behind the statutes. Nevada's post-conviction statutes contemplate the filing of one post-conviction petition to challenge a conviction or sentence. This is reflected in the plain language of the statutes themselves. For example, instruction number five to the habeas corpus petition form found in NRS 34.735 directs petitioners to include in the petition "all grounds or claims for relief" regarding the conviction or sentence and warns petitioners that failure to do so could preclude them from filing future petitions,[6] and NRS 34.810 provides for dismissal of claims that could have been or were raised in a prior post-conviction proceeding, NRS 34.810(1)(b), (2). It is also reflected in the legislative history of the statutes, which were amended in 1991 to provide for a single post-conviction remedy, effective January 1, 1993. *See Pellegrini v. State*, 117 Nev. 860, 870-73, 876-77, 34 P.3d 519, 526-28, 530 (2001) (setting forth the history of Nevada's post-conviction remedies). The purpose of the single post-conviction remedy and the

---

[6]*See also* NRS 34.820(4) (providing that if petitioner has been sentenced to death and the petition is the first one challenging the validity of a conviction or sentence, "[t]he court shall inform the petitioner and the petitioner's counsel that all claims which challenge the conviction or imposition of the sentence must be joined in a single petition and that any matter not included in the petition will not be considered in a subsequent proceeding").

SUPREME COURT
OF
NEVADA

(O) 1947A

statutory procedural bars is "to ensure that petitioners would be limited to one time through the post-conviction system." *Id.* at 876-77, 34 P.3d at 530. As this court made clear in *Pellegrini,* "Nevada's lawmakers never intended for petitioners to have multiple opportunities to obtain post-conviction relief absent extraordinary circumstances." *Id.* at 876, 34 P.3d at 530. The rule advanced on Brown's behalf would circumvent the Legislature's "one time through the system" intent, as every petitioner who is appointed post-conviction counsel would then have an opportunity to litigate a second petition. The filing of successive (and most likely untimely) petitions would overload the court system, significantly increase the costs of post-conviction proceedings, and undermine the finality of the judgment of conviction, precisely what the Legislature was attempting to avoid in creating the single post-conviction remedy in NRS Chapter 34.[7] *See id.; see also State v. Eighth Judicial Dist. Court,* 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Habeas corpus petitions that are filed many years after conviction are an unreasonable burden on the criminal justice system. The necessity for a workable system dictates that there must

---

[7]The lack of finality resulting from *Martinez*'s equitable rule was a major criticism by the dissenting justices:

> Criminal conviction ought to be final before society has forgotten the crime that justifies it. When a case arrives at federal habeas, the state conviction and sentence at issue (never mind the underlying crime) are already a dim memory, on average more than 6 years old (7 years for capital cases).

*Martinez,* 566 U.S. at ___, 132 S. Ct. at 1325 (Scalia, J., dissenting).

SUPREME COURT
OF
NEVADA

(O) 1947A

11

exist a time when a criminal conviction is final." (internal quotations omitted)).

The conflict between a rule similar to that in *Martinez* and Nevada's current statutory habeas scheme becomes more apparent when the remaining part of the *Martinez* rule is considered. *Martinez* does not just allow the federal habeas courts to consider the merits of an ineffective-assistance-of-trial-counsel claim that was procedurally defaulted in state court where the petitioner was represented by allegedly ineffective post-conviction counsel in the initial-review collateral proceeding. It also allows the federal habeas courts to consider the merits of a procedurally defaulted ineffective-assistance-of-trial-counsel claim where the petitioner *did not have counsel* in the initial-review collateral proceeding. 566 U.S. at ___, 132 S. Ct. at 1319-20. Although Brown only urges this court to follow *Martinez* with respect to "cause" based on ineffective assistance of post-conviction counsel, it would be difficult for us to follow one part of *Martinez* without the other as both parts of the holding are based on the same idea—that "a prisoner likely needs an effective attorney" in order "[t]o present a claim of ineffective assistance at trial in accordance with the State's procedures," *id.* at ___, 132 S. Ct. at 1317. If we were to follow the failure-to-appoint-counsel part of *Martinez*, we would effectively eliminate the mandatory procedural default provisions (particularly NRS 34.810) when the district court determines that the appointment of counsel is not warranted, as it has the discretion to do under NRS 34.750(1). The only way to maintain the integrity of the mandatory procedural default provisions would be to appoint counsel in all initial-review post-conviction proceedings, effectively making the appointment of counsel mandatory in direct contravention of NRS

34.750(1).[8]  Given these provisions and the Supreme Court's refusal to recognize a constitutional right to counsel in initial-review collateral proceedings, this is one more reason that we cannot reconcile the *Martinez* rule with our state habeas statutes even on the purportedly limited scope advanced by Brown.

We also reject the suggestion that we should adopt an exception similar to that adopted in *Martinez* because the Legislature intended that the state habeas remedy be "coextensive" with the federal habeas remedy and exceptions to federal procedural bars. Although the Legislature may have created the statutory post-conviction remedy in response to United States Supreme Court decisions that implied "the need for an appropriate state post-conviction collateral remedy to review claimed violations of federally protected rights," *Marshall v. Warden*, 83 Nev. 442, 444, 434 P.2d 437, 438-39 (1967) (citing *Case v. Nebraska*, 381 U.S. 336 (1965)) (indicating that the Nevada Legislature's adoption of the post-conviction collateral remedy act in 1967 was in response to the Supreme Court's extension of numerous federal protections to state criminal cases), *superseded by statute as stated in Passanisi v. Dir., Nev.*

---

[8]The Legislature at one time made the appointment of counsel mandatory in post-conviction proceedings, *see* 1973 Nev. Stat., ch. 102, § 2, at 169, but later made appointment of counsel discretionary, *see* 1987 Nev. Stat., ch. 539, § 42, at 1230; *see also Crump*, 113 Nev. at 297 n.2, 934 P.2d at 249 n.2. This history, combined with the Legislature's enactment of the current statutes providing for mandatory appointment of counsel for capital petitioners but discretionary appointment for noncapital petitioners, *compare* NRS 34.750(1), *with* NRS 34.820(1), evinces an intent to preclude noncapital petitioners from automatically being appointed counsel.

*Dep't of Prisons*, 105 Nev. 63, 67, 769 P.2d 72, 75 (1989), the statutory provisions and legislative history do not evidence an intent that Nevada's statutory procedural bars be coterminous with the federal doctrine of procedural default. The doctrine of procedural default applied by federal habeas courts is based in principles of comity; it is "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1316. In contrast, as explained above, Nevada's statutory procedural bars are designed to streamline the post-conviction review process and ensure the finality of judgments of conviction while leaving open a safety valve for defaulted violations of state law and constitutional rights in very limited circumstances.[9] The state procedural bars to post-conviction habeas relief thus "exist to implement policies independent from those animating the

---

[9]We agree with Brown that the State has an interest in having federal constitutional errors addressed in the first instance by a Nevada court. But that interest is not the focus of Nevada's statutory habeas remedy. The Legislature adopted mandatory procedural bars and did not include an exception to the procedural bars for procedurally defaulted claims that might nonetheless be addressed on the merits by a federal habeas court. That is understandable since doing so would mean that a petitioner's desire to exhaust a claim in state court before federal court review would always excuse a state procedural bar—a result that would render those procedural bars largely meaningless and undermine the interest in finality that animates the statutory habeas remedy and its procedural bars. *Cf. In re Reno*, 283 P.3d 1181, 1233 (Cal. 2012) (rejecting the claim that petitioner's desire to exhaust claims for federal review provided an exception to a state procedural rule precluding habeas corpus where claimed errors could have been raised on appeal because such an exception "would fatally undermine this state's substantial interest in the finality of its criminal judgments").

[federal doctrine of procedural default]." *In re Reno*, 283 P.3d 1181, 1233 & n.30 (Cal. 2012).

Our history of turning to federal cases defining cause and prejudice when interpreting similar language in Nevada's procedural default statutes does not undermine that conclusion or require that we blindly follow *Martinez*. While we have looked to the Supreme Court for guidance,[10] we have not followed Supreme Court decisions when they are inconsistent with state law. For example, we have rejected the prison mailbox rule to allow for tolling of the one-year period for state post-conviction habeas petitions, despite the application of it by federal habeas courts. *See Gonzales v. State*, 118 Nev. 590, 594-95, 53 P.3d 901, 903-04 (2002). We have also rejected equitable tolling of the one-year filing period set forth in NRS 34.726 because the statute's plain language requires a petitioner to demonstrate a legal excuse for any delay in filing a petition. *See Hathaway*, 119 Nev. at 252, 254 n.13, 71 P.3d at 506, 507 n.13. We are not bound by Supreme Court decisions in our interpretation of the

---

[10]*See, e.g., Passanisi*, 105 Nev. at 66, 769 P.2d at 74 (citing *Murray v. Carrier*, 477 U.S. 478 (1986), for the requirement that good cause be some impediment "external to the defense"); *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (quoting the Supreme Court's explanation in *Murray*, 477 U.S. at 488, as to how an impediment "external to the defense" may be demonstrated); *McKague v. Warden*, 112 Nev. 159, 164 & n.4, 165, 912 P.2d 255, 258 & n.4 (1996) (adopting the reasoning that the Supreme Court applied to federal habeas proceedings as to whether the ineffective assistance of counsel may constitute "good cause"); *Crump v. Warden*, 113 Nev. 293, 304, 934 P.2d 247, 253 (1997) (relying on *Murray* and *Coleman v. Thompson*, 501 U.S. 722 (1991), for the proposition that mere attorney error such as ignorance or inadvertence may not constitute "cause").

"cause" exceptions under NRS 34.726 and 34.810, and because the *Martinez* rule does not fit within our State's statutory post-conviction framework, we decline to extend it to state post-conviction proceedings.

Post-conviction relief is a statutory remedy and it is up to the Legislature to define its contours. Adoption of a rule fashioned after *Martinez* would conflict with the current statutory post-conviction scheme, impose significant costs, and undermine the finality of judgments of conviction. Whether or how a rule similar to that adopted in *Martinez* should be adopted in state post-conviction proceedings is a matter of policy and lies in the hands of the Legislature. Based on the foregoing, we conclude that Brown's petition was barred as untimely and successive and that he did not demonstrate good cause and prejudice to overcome the procedural bars.

*Actual innocence*

Brown also argues that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice because there was no evidence of premeditation and deliberation, and thus the facts at trial did not support a finding of first-degree murder. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *see Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Actual innocence means that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Brown does not identify any new evidence of his innocence; rather, his argument of actual innocence relies on his legal claims that there was insufficient evidence of first-degree murder presented at trial

Supreme Court
OF
Nevada

(O) 1947A

16

and that his counsel provided ineffective assistance at trial. Thus, the district court did not err in finding that Brown failed to make a showing of actual innocence.

## CONCLUSION

We conclude that Brown is not entitled to relief in this appeal, and we affirm the district court's order dismissing his untimely and successive petition for a writ of habeas corpus.[11]

_____, J.
Hardesty

We concur:

_____, C. J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Douglas

---

[11]In light of this disposition on appeal, we deny as moot the State's motion for leave to file a response to Brown's notice of supplemental authorities.

CHERRY, J., with whom SAITTA, J., agrees, dissenting:

I respectfully dissent. I believe that equity and fairness require a different result. In carving out an equitable exception to the cause requirement, *Martinez* recognized that the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." 566 U.S. at ___, 132 S. Ct. at 1317. A post-conviction petition for a writ of habeas corpus is a defendant's first and last chance to assert a claim of ineffective assistance of trial counsel and thus is vital to safeguarding a defendant's right to counsel at trial. Although the appointment of post-conviction counsel currently is not required in Nevada, I believe that indigent noncapital petitioners like Brown who have been convicted of murder and are serving significant sentences, should have the assistance of counsel in their first state post-conviction petition. *See* NRS 34.750(1) (indicating that a court may consider the "severity of the consequences facing the petitioner" when deciding whether to appoint post-conviction counsel). Once post-conviction counsel has been appointed to represent such a petitioner, counsel should be effective. A petitioner who has been convicted of murder and is facing a severe sentence should not be denied the chance to litigate a meritorious claim of ineffective assistance of trial counsel merely because his post-conviction counsel failed to raise the claim in the initial post-conviction proceeding. Thus, in these circumstances, I agree with amicus curiae NACJ that there are compelling reasons to adopt the equitable exception from *Martinez* in state habeas proceedings. Accordingly, I would reverse and remand for

the district court to determine whether Brown can demonstrate a substantial underlying ineffective-assistance-of-trial-counsel claim.

_____, J.
Cherry

I concur:

_____, J.
Saitta