An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RENARD TRUMAN POLK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65813

FILED

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant filed his petition on December 2, 2013, more than ten years after issuance of the remittitur on direct appeal on September 19, 2003. *Polk v. State*, Docket No. 39457 (Order of Affirmance with Limited Remand for Correction of Judgment of Conviction, August 25, 2003). Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1); *Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Moreover, appellant's petition was successive because he had previously filed multiple post-conviction petitions for a writ of habeas corpus, and it

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]The district court entered an amended judgment of conviction on February 9, 2005, to correct a clerical error.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31006

constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed he had good cause because he did not have adequate access to the prison's law library. Appellant failed to demonstrate that lack of access to the library deprived him of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited by Lewis v. Casey*, 518 U.S. 343, 354-56 (1996). Appellant's previous proper person motions filed in the district court indicate that his access to the court was not improperly limited by restrictions on use of the prison law library or due to prison law library policies. Accordingly, appellant failed to demonstrate that official interference caused him to be unable to comply with the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Second, appellant claimed that he needed to again raise certain claims because they were previously denied due to misrepresentations by the District Attorney. Appellant did not support this claim with sufficient factual support and bare claims are insufficient

---

[3]*Polk v. State*, Docket No. 44087 (Order of Affirmance and Limited Remand to Correct the Judgment of Conviction, January 25, 2005). Appellant also filed post-conviction petitions for a writ of habeas corpus in the district court on January 27, 2010, May 19, 2011, and April 9, 2013. Appellant did not appeal the denial of those petitions.

to demonstrate a petitioner is entitled to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Third, appellant claimed that the procedural bars in NRS chapter 34 are unconstitutionally vague, ambiguous, and burdensome. This court has previously held that the procedural bars are constitutional. *See Pellegrini v. State*, 117 Nev. 860, 878, 34 P.3d 519, 531 (2001) (citing *Passanisi v. Dir., Nev. Dep't of Prisons*, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989)). Moreover, the procedural bar statutes discussed previously provide to a person of ordinary intelligence fair notice of the regulations governing post-conviction petitions. *See generally State v. Castaneda*, 126 Nev. ___, ___, 245 P.3d 550, 553 (2010).

Fourth, appellant claimed that the State withheld exculpatory evidence in the form of the victim's recantation. Appellant failed to support this claim with any factual support and unsupported claims are insufficient to demonstrate that a petitioner is entitled to relief. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Further, appellant failed to demonstrate that the State withheld this supposed evidence or that there was a reasonable probability that the outcome of trial would have been different had he possessed this evidence as he confessed to committing the crimes. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (citing *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003)), *cert. denied*, ___ U.S. ___, 133 S. Ct. 988 (2013). Therefore, the district court did not err in dismissing appellant's petition as procedurally barred.

Finally, appellant claimed that the Nevada prisons are impermissibly overcrowded. This claim challenged the conditions of appellant's confinement and a petition for a writ of habeas corpus was not the proper vehicle to raise such a claim. *See Bowen v. Warden*, 100 Nev.

489, 490, 686 P.2d 250, 250 (1984). Therefore, appellant is not entitled to relief for this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Douglas W. Herndon, District Judge
Renard Truman Polk
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk